## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:20 CV 168 MR WCM

APRIL LEDFORD      )
          )
   Plaintiff,    )
          )
V.          )   MEMORANDUM AND
          )   RECOMMENDATION
BRYSON CITY POLICE   )
DEPARTMENT; CHRIS DUDLEY; )
CURTIS COCHRAN; SWAIN COUNTY )
SHERIFF'S DEPARTMENT; TOWN OF )
BRYSON CITY; ANDREW BRYANT; )
TOM SUTTON; SWAIN COUNTY JAIL; )
BETH MCDONALD; HILDA ARCH; )
and DANIEL SCOTT PEARSON  )
          )
   Defendants.   )
_____)

This matter is before the Court on Plaintiff's "Motion to Dismiss Claims Against Daniel Pearson and Beth MacDonald" ("Plaintiff's Motion to Dismiss" Doc. 41), which has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## I. Background

Plaintiff filed her original complaint on June 30, 2020. Doc. 1. Beth McDonald ("McDonald") and Daniel Scott Pearson ("Pearson") were not among the defendants named in that pleading. At the time she initiated this litigation,

Plaintiff also submitted an Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 2. That Application was granted by a Sealed Order on July 15, 2020 which directed that Plaintiff prepare summonses for the Defendants and submit them to the Clerk by July 31, 2020 and that the United States Marshals Service serve process on the Defendants. The Sealed Order expressly noted that "notwithstanding the service of process by the United States Marshals Service… Plaintiff remains responsible for making sure that service is effected properly pursuant to the Rules of Civil Procedure." Doc. 4 at 3.

On August 21, 2020, Plaintiff filed an Amended Complaint which, among other things, named additional parties as defendants, including McDonald and Pearson. Doc. 12.

By letter dated September 23, 2020 (and filed on September 25, 2020), Plaintiff submitted to the Clerk summonses for the additional defendants that were named in her Amended Complaint, including McDonald and Pearson. Doc. 21.

The docket indicates that those summonses were issued electronically to the United States Marshals Service on September 28, 2020. Doc. 22. However, a docket entry made on December 3, 2020 indicates that the summonses for McDonald and Pearson were not served successfully. Doc. 33.

2

On March 12, 2021, the undersigned issued a Memorandum and Recommendation recommending that Motions to Dismiss filed by other Defendants be granted and that certain of Plaintiff's claims be dismissed. Doc. 36. Additionally, the undersigned noted that there was nothing in the record to indicate that Plaintiff had served McDonald and Pearson and therefore recommended that Plaintiff be advised that unless good cause was shown for her failure to effect service on McDonald and Pearson, Plaintiff's action against these Defendants would be dismissed without prejudice. Id. at 22-24.

On March 26, 2021, Plaintiff filed an "Answer to Memorandum and Recommendation" in which Plaintiff stated that she "accepts and acknowledges" that certain "claims remain," including claims against McDonald and Pearson. Doc. 37 at 2. Plaintiff's filing is described on the docket as being an objection to the Memorandum and Recommendation.

On April 1, 2021, Defendants Cochran, Swain County Sheriff's Department, Swain County Jail, Andrew Bryant, and Hilda Arch filed a response to Plaintiff's objection which stated that even if Plaintiff's filing was to be considered a proper objection, there has been no service on Pearson and that any claim against him should be dismissed without prejudice. Doc. at 1 – 2.[1]

---

[1] The response did not address service on McDonald.

The Memorandum and Recommendation is currently pending before the District Court.

On April 8, 2021, Plaintiff filed Plaintiff's Motion to Dismiss. In that short document, which was not accompanied by a supporting memorandum, Plaintiff stated that she "agrees to the dismissal of claims against Daniel Pearson and Beth McDonald. They were not served, Plaintiff assumes, because they cannot be located."

The time for Defendants to respond to Plaintiff's Motion to Dismiss has expired and no responses have been filed.

## II. Discussion

Rule 41(a)(1) of the Federal Rules of Civil Procedure allows a plaintiff, acting without a court order, to dismiss an action voluntarily by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared.

Rule 41(a)(2) states that, except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice.

In this case, it is unclear whether Plaintiff intends for Plaintiff's Motion to Dismiss to be a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i)

4

or a request for a court order dismissing the claims against McDonald and Pearson pursuant to Rule 41(a)(2).

In view of the caption of Plaintiff's Motion to Dismiss, the fact that the issue of service on McDonald and Pearson was addressed in the undersigned's prior Memorandum and Recommendation, and considering Plaintiff's *pro se* status, the undersigned has construed the request as seeking a court order allowing the dismissal of the subject claims.

Courts within this district have reached differing conclusions as to whether a plaintiff who wishes to dismiss specific claims within an action, but not the action as a whole, should proceed by filing an amended complaint under Rule 15 instead of a dismissal pursuant to Rule 41. Cf. Gahagan v. N. Carolina Highway Patrol, No. CIV.1:00CV52, 2000 WL 33946065, at *2 (W.D.N.C. Oct. 25, 2000) ("Rule 41, however, speaks only to the dismissal of 'actions.' Plaintiff does not seek, at this juncture, to dismiss his entire action; rather, as stated *supra,* he wishes to dismiss certain claims within this action . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15.") with Cato Corp. v. L.A. Printex Indus., Inc., No. 3:10-CV-00462, 3:10cv543, 2012 WL 2455431 (W.D.N.C. June 27, 2012).

However, plaintiffs seeking to dismiss all claims against specific defendants have been allowed to do so under Rule 41. See Burgess v. Eforce

5

Media, Inc., No. 1:07-CV-231, 2007 WL 3355369 (W.D.N.C. Nov. 9, 2007) (approving stipulation to dismiss certain defendants under Rule 41(a)(2) and the inherent authority of the Court); Klakulak v. Americanhomekey, Inc., United States District Court, Western District of North Carolina, No. 3:11cv388-MOC-DSC, Doc. 52 (granting motion to dismiss claims against one defendant following settlement and in accordance with Rule 41(a)(2)); Synovus Bank v. Bokke IV L.L.C., No. 1:11-CV-00071-MR-DLH, 2014 WL 440244 (W.D.N.C. Feb. 4, 2014) (noting that more recent Fourth Circuit precedent has suggested that Rule 41(a)(2) should be applied less rigidly than it was in Gahagan, and granting motion to dismiss claims against specific defendants).

Other courts have also recognized that Rule 41(a) may be used to dismiss individual defendants in a multi-defendant case. See I.P. by Newsome v. Pierce, No. 5:19-CV-228-M, 2020 WL 5535428, at *2 (E.D.N.C. Sept. 15, 2020) (finding that "Rule 41(a) permits the voluntary dismissal of all claims against a particular defendant"); Duke Progress Energy LLC v. 3M Co., No. 5:08-CV-460-FL, 2015 WL 5603344, at *2 (E.D.N.C. Sept. 23, 2015) (stating that while there is a split of authority as to whether Rule 41(a) permits voluntary dismissal of fewer than all defendants, including among district courts within the Fourth Circuit, "'most federal courts agree that parties may voluntarily dismiss from a case only certain defendants'" and agreeing that the "'sounder

view' is that Rule 41(a) permits the voluntary dismissal of fewer than all defendants in an action").

Considering the procedural posture of this case and the lack of objection by any Defendant, the undersigned will recommend that Plaintiff's request be allowed and that her claims against McDonald and Pearson be dismissed without prejudice. See I.P. by Newsome, 2020 WL 5535428, at *1 (referencing non-exclusive factors considered by courts when ruling on a motion for voluntary dismissal without prejudice).

## III.  Recommendation

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion to Dismiss Claims Against Daniel Pearson and Beth MacDonald (Doc. 41) be **GRANTED** and Plaintiff's claims against McDonald and Pearson be **DISMISSED WITHOUT PREJUDICE.**

Signed: April 23, 2021

W. Carleton Metcalf
United States Magistrate Judge

7

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).