IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 168 MR WCM

| | |
|---|---|
| APRIL LEDFORD ) | |
| ) | CONSENT |
| Plaintiff, ) | PROTECTIVE ORDER |
| ) | FOR SBI FILE |
| V. ) | |
| ) | |
| BRYSON CITY POLICE DEPARTMENT; ) | |
| CHRIS DUDLEY; ) | |
| TOWN OF BRYSON CITY; ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Defendants' Motion for Entry Consent Protective Order for SBI File (Doc. 66), to which Plaintiff consents. The motion is granted and the parties' proposed Order is accepted, *except as amended where indicated*.

***

*Pro Se* Plaintiff April Ledford, Defendants Bryson City Police Department, Chris Dudley, and Town of Bryson City (hereafter "Defendants"), by and through their undersigned counsel, and the North Carolina State Bureau of Investigation (hereafter "SBI"), by and through its undersigned counsel, stipulate to the entry of this Consent Protective Order allowing release of SBI Case No. 2017-01907 (hereafter "the File") to the *Pro Se* Plaintiff and counsel for the Defendants.

*Pro Se* Plaintiff, counsel for Defendants, and counsel for the SBI further stipulate and agree to the following statements in accordance with this Court's entry of the Consent Protective Order:

1. The File pertains to the subject matter involved in the case before this Court.

2. After reviewing the File, counsel for the SBI has no objection to providing it to the parties herein for the following reasons:

    A. no policy reason exists to deny the parties' request;

    B. release of the File does not prejudice the SBI;

    C. no identities of persons contained in the File need to be protected;

    D. the criminal investigation which was the subject of the File has concluded; and

    E release of the File to the parties herein in no way prejudices the interests of the State of North Carolina.

3. Except as may be otherwise provided by further order of this Court, documents contained within the File shall be used exclusively for the purpose of prosecuting or defending this action and shall only be disclosed to the persons identified in Paragraphs 4 and 5 below. *To the extent any party seeks leave to file information with the Court under seal, such request shall be made in conformity with the Local Rules of this district, including Local Civil Rule 6.1.*

4. Access to and use of the documents contained within the File shall be limited to:

 A. the Court;

 B. the parties, the parties' potential witnesses, attorneys of record for the parties, any associated counsel, and any employees or agents of such attorneys and counsel;

 C. court-appointed mediators;

 D. consultants, technical and expert witnesses involved in the preparation of this action;

 E. court reporters, their transcribers, assistants, and employees;

 F. any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness a document from the File as an exhibit in order to elicit testimony relevant to the matters at issue in this case; and

 G. the jury.

5. *Pro Se* Plaintiff and counsel for the Defendants may make copies of the File for the Plaintiff's or Defendants' experts upon receiving from these experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such a written agreement shall be satisfied by having each of the *Pro Se* Plaintiff's or Defendants' experts read, acknowledge, and agree in

writing to be bound by this Protective Order. All such written acknowledgements shall be maintained by *Pro Se* Plaintiff or counsel for the Defendants. By signing the declaration agreeing to be bound by this Protective Order, each of the *Pro Se* Plaintiff's or Defendants' experts submit himself or herself to the jurisdiction of this Court for the purposes of enforcement of this Protective Order.

6. Experts who are permitted access to the File are hereby ordered not to show, convey, or reproduce any documents so designated or any parts thereof, or copies thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

7. At the conclusion of this litigation, including any appeal(s), all copies of the File possessed by the parties, their attorneys, and experts, shall be destroyed. *"Confidential" information provided to the Court or appearing on the Court's docket may be subject to a final order of the Court upon the conclusion of the litigation.*

8. This Protective Order does not in any way attempt to address the admissibility of the File in whole or in part under the Federal Rules of Evidence.

IT IS THEREFORE ORDERED that the undersigned counsel for the North Carolina State Bureau of Investigation produce a copy of SBI Case No. 2017-01907 to the Pro Se Plaintiff and counsel for the Defendants ~~as indicated below~~.

Signed: November 19, 2021

W. Carleton Metcalf
United States Magistrate Judge