IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00168-MR-WCM

| | |
|---|---|
| APRIL LEDFORD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BRYSON CITY POLICE DEPARTMENT; ) | |
| CHRIS DUDLEY; ) | |
| TOWN OF BRYSON CITY; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Motion and Request to Waive Mediator Fees (the "Motion to Waive Fees," Doc. 62) and a related Application to Proceed in District Court Without Prepaying Fees or Costs (the "Second Application," Doc. 63). Defendants have not responded to these filings and the time for doing so has expired.

I. Background

On June 30, 2020, Plaintiff filed her original Complaint, Doc. 1, as well as an Application to Proceed in District Court Without Prepaying Fees or Costs

1

(the "First Application," Doc. 2). Plaintiff's First Application was granted in part. Doc. 4.[1]

Pursuant to a Pretrial Order and Case Management Plan ("Pretrial Order") that was entered on October 14, 2021, the parties are required to participate in mediation by July 26, 2022. Doc. 57.

On November 5, 2021, Plaintiff filed the instant Motion to Waive Fees, asking that her fees associated with mediation be waived, and also filed the Second Application. Docs. 62 & 63.

## II. Discussion

Mediated settlement conferences ordered in this district are governed by the Local Rules and the mediation rules used by North Carolina state courts. See Local Civil Rule 16.3(b)(1). Generally, parties bear the costs of mediation in equal shares. However, any party found to be indigent for purposes of mediation is not required to pay a mediator's fee. See N.C.G.S. § 7A-38.1(k); Rules for Mediated Settlement Conferences and Other Settlement Procedures in Superior Court Civil Actions, Rule 7(d). Under North Carolina's mediation procedures, a finding of indigency for purposes of mediation is generally made

---

[1] Subsequently, Plaintiff advised that she wished to participate in the Pro Se Settlement Assistance Program (the "Program"). However, the Clerk was unable to locate an attorney to assist Plaintiff and the referral of the case to the Program was withdrawn. See Docs. 47 & 48.

"subsequent to the completion of the conference or, if the parties do not settle their dispute, subsequent to trial." Rule 7(d).

In this case, Plaintiff's First Application was granted in part and she was relieved of the responsibility of paying a portion of the filing fee for this case.[2] To the extent Plaintiff's Second Application is read as being another request to waive the filing fee, that request will be denied as moot. The Second Application is otherwise construed to be a statement of Plaintiff's current financial condition in support of her Motion to Waive Fees.

With respect to the Motion to Waive Fees itself, notwithstanding the lack of objection by Defendants, as North Carolina mediation procedure contemplates that issues regarding indigency for purposes of mediation will be addressed following the settlement conference or trial, the undersigned will deny Plaintiff's Motion to Waive Fees without prejudice at this time. Plaintiff may renew her request for a waiver of these fees at a later date, if necessary.

---

[2] Plaintiff's First Application did not raise the question of whether Plaintiff should be deemed indigent for purposes of any subsequent mediation. See McGaha v. Stirling, No. 6:18-1736-RMG-KFM, 2018 WL 6933435, at *1 (D.S.C. Dec. 13, 2018) (the granting of IFP status "only exempts litigants from paying the filing fee in full at the time the lawsuit is filed…"); Tyson v. Jordan, No. 6:10–1528–MBS–KFM, 2010 WL 3257840, at *2 (D.S.C. July 12, 2010) (collecting cases requiring a plaintiff who is proceeding *in forma pauperis* to pay for discovery or other costs incurred during litigation).

3

Case 1:20-cv-00168-MR-WCM   Document 68   Filed 11/23/21   Page 3 of 4

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion and Request to Waive Mediator Fees (Doc. 62) is **DENIED WITHOUT PREJUDICE AS PREMATURE**.

2. To the extent Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 63) is intended to be another request that the filing fee in this matter be waived, it is **DENIED AS MOOT**.

Signed: November 23, 2021

W. Carleton Metcalf
United States Magistrate Judge