IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 168 MR WCM

| | |
|---|---|
| APRIL LEDFORD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | ORDER |
| ) | |
| BRYSON CITY POLICE DEPARTMENT; ) | |
| CHRIS DUDLEY; ) | |
| TOWN OF BRYSON CITY; ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's "Amended Motion to Join Swain County as Defendant" (the "Second Motion to Join," Doc. 58) and "Motion to Join Swain County as Defendant (the "Third Motion to Join," Doc. 69). In both filings, Plaintiff seeks leave to amend her complaint to add Swain County as a defendant in this matter.

I. Relevant Procedural History

On June 30, 2020, Plaintiff April Ledford, who is proceeding *pro se*, filed her original complaint. Doc. 1.

On August 21, 2020, Plaintiff filed an Amended Complaint naming the following defendants: Swain County Sheriff's Department, Curtis Cochran, Andrew Bryant, Swain County Jail, Hilda Arch, Beth McDonald, Daniel Scott

1

Pearson, Bryson City Police Department, Chris Dudley, Town of Bryson City, and Tom Sutton. Doc. 12. Plaintiff's claims appear to arise out of two distinct events: (1) a July 1, 2017 incident during which Plaintiff was arrested; and (2) Plaintiff's arrest on November 1, 2017 and subsequent detention at the Swain County Jail through November 17, 2017.

On August 31, 2020, Sheriff Curtis Cochran, the Swain County Sheriff's Department, Andrew Bryant, the Swain County Jail, and Hilda Arch filed a Motion to Dismiss. Doc. 15.

On October 6, 2020, Defendant Tom Sutton filed a Motion to Dismiss. Doc. 23.

On March 12, 2021, the undersigned issued a Memorandum and Recommendation addressing both Motions to Dismiss. Doc. 36. Therein, the undersigned recommended, among other things, that the claims against the Swain County Sheriff's Department, the Swain County Jail, and Sheriff Cochran be dismissed. Doc. 36 at 14-18.

On June 21, 2021, Plaintiff's claims against the Swain County Sheriff's Department, Sheriff Curtis Cochran, Andrew Bryant, the Swain County Jail, Hilda Arch, Beth McDonald, Daniel Scott Pearson, and Tom Sutton were dismissed by the District Court. Doc. 45; see also Doc. 41.

On October 12, 2021, Plaintiff filed a Motion to Join Swain County as Defendant (the "First Motion to Join," Doc. 53). By Order entered on October

13, 2021, the undersigned denied the First Motion to Join, stating that Plaintiff had provided no explanation for why Swain County should be joined as a party under Rule 21. The undersigned also declined to construe the First Motion to Join as a request for leave to amend Plaintiff's Complaint to name Swain County as an additional defendant, as Plaintiff had not submitted a proposed amended complaint or a brief addressing the requirements of Rule 15. Doc. 56.

On October 27, 2021, Plaintiff filed the Second Motion to Join. Doc. 58. Plaintiff was thereafter directed to submit a proposed amended complaint which the undersigned could reference in considering Plaintiff's Second Motion to Join. Doc. 65.

On December 1, 2021, Plaintiff filed the Third Motion to Join. Doc. 69. Plaintiff also submitted a proposed amended complaint. Doc. 69-2. Although the proposed amended complaint purports to add Swain County as a defendant, Plaintiff has not changed her claims or revised the factual allegations with respect to those claims. Compare Doc. 12 (Amended Complaint) with Doc. 69-2 (proposed amended complaint).

## II. Discussion

When reviewing requests for leave to amend, courts are guided by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires, and "by the general policy embodied in the Federal Rules favoring resolution of cases on their

3

merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), *cert. denied*, 448 U.S. 911 (1980). "In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should as the rules require, be 'freely given.'" Forman v. Davis, 371, U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008)("Under Rule 15, a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile'").

Here, Plaintiff "requests to add Swain County for the unlawful detention she experienced from November 1, 2019 through November 17, 2017" because "Swain County is over the Swain County Jail." Doc. 58 at 1, Doc. 59 at 2; Doc. 69 at 1; Doc. 69-1 at 2. However, Swain County would not be a proper defendant for such a claim. See Evans v. Guilford County Detention Center, No. 1:13CV499, 2014 WL 4641150 at *2 (M.D.N.C. Sept. 16, 2014) ("In North Carolina, the Sheriff of the county is responsible for the operation of the local jail or detention center.") (citing Blair v. County of Davidson, No. 1:05CV11, 2006 WL 1367420, at *7 (M.D.N.C. May 10, 2006) (allegations against Sheriff

4

and his deputies for actions taken while plaintiff was in jail fail to state a claim against the county in North Carolina); see also Little v. Smith, 114 F.Supp.2d 437, 446 (W.D.N.C.2000).

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's "Motion to Join Swain County as Defendant (Doc. 69) is **DENIED**.

(2) Plaintiff's "Amended Motion to Join Swain County as Defendant" (Doc. 58) is **DENIED AS MOOT**.

Signed: December 9, 2021

W. Carleton Metcalf
United States Magistrate Judge