IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 168 MR WCM

| | |
|---|---|
| APRIL LEDFORD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BRYSON CITY POLICE DEPARTMENT; ) | |
| CHRIS DUDLEY; ) | |
| TOWN OF BRYSON CITY; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Defendants' Motion to Compel (the "Motion," Doc. 71). A hearing on the Motion was conducted on April 8, 2022. Plaintiff April Ledford ("Plaintiff"), who is representing herself, appeared. Austin Kessler appeared as counsel for Defendants. At the conclusion of the hearing, the undersigned denied the Motion orally. This Order memorializes that ruling.

By the Motion, Defendants seek to compel Plaintiff to execute certain "Patient Authorization(s) for Release of Protected Health Information" (the "Authorizations") for Defendants to use in obtaining Plaintiff's medical records. Alternatively, Defendants request an Order authorizing them to issue

1

subpoenas for the records. Additionally, Defendants seek to compel Plaintiff to produce documentation substantiating her claim of lost wages.

## I. Legal Standard

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 37(a)(3)(B), a party seeking discovery may move for an order compelling an answer or production if a party "fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." F.R.C.P. 37(a)(3)(B)(iii) & (iv).

## II. Discussion

### A. The Authorizations

Plaintiff's claimed damages include mental anguish, emotional distress, pain and suffering, anxiety, PTSD, and depression. See Doc. 12 at 8 (Amended Complaint); Doc. 71-2 at 3 (initial disclosures outlining damages). Plaintiff has therefore placed her physical and mental health at issue. See Jimoh v.

Charlotte-Mecklenburg Housing Partnership, Inc., No. 3:08-cv-495-RJC-DCK, 2009 WL 4062881, at *1 (W.D.N.C. Nov. 20, 2009) ("A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records").

Plaintiff appears to acknowledge generally that her medical issues are a legitimate topic of discovery, though contends that not all of her records are relevant. The current dispute, however, is not over which records may be relevant, but how Defendants may obtain Plaintiff's records.

Courts have reached different conclusions as to whether a party may be compelled to execute medical authorizations. See e.g., Romfo v. Scottsdale Insurance Company, No. 5:15-cv-422-D, 2019 WL 1210105, at *4 (E.D.N.C. March 13, 2019) ("there exists a split in authority as to whether under Rule 34 the court may compel a party to execute an authorization for the release of documents to another party"); Ayers v. Continental Casualty Company, No. 5:05CV95, 2007 WL 2156553, at *4 (N.D. W. Va. July 25, 2007) (noting "a division among courts about whether a court may order a party to provide a medical records release under Rule 34").

Courts in this district have in certain circumstances directed that such authorizations be provided. See Lively v. Reed, No. 1:2-cv-119-MOC-WCM, 2021 WL 3729984 (W.D.N.C. Aug. 23, 2021); Shoemake v. Eli Lilly and

Company, No. 5:13-cv-013-RLV-DCK, 2014 WL 683765 (W.D.N.C. Feb. 20, 2014); Jimoh, 2009 WL 4062881; Teague v. Target Corp., No. 3:06cv191-GCM, 2006 WL 3690642 (W.D.N.C. Dec. 11, 2006).

Nonetheless, assuming that courts may, in the appropriate circumstance, order a party to execute an authorization for the release of medical records, the undersigned is not persuaded that such authority should be exercised in this case. Defendants have not propounded a document request seeking the production of Plaintiff's medical records themselves, nor have they issued third-party subpoenas to Plaintiff's providers for those records. Further, though Plaintiff has indicated she objects to the production of all of her records, it does not appear that Plaintiff has been particularly uncooperative regarding discovery to date, and the deadline to complete court-enforceable discovery is not imminent.

With respect to Defendants' alternative request for an Order authorizing Defendants to serve Plaintiff's medical providers with third-party subpoenas, during the hearing defense counsel explained that Defendants hope that such authorization would avoid potential objections that the providers may raise to the production of Plaintiff's records. However, defense counsel also conceded that Defendants are not required to obtain such pre-authorization, and the undersigned is not persuaded that it should be provided here. The issuance of third-party subpoenas, in the usual course, to Plaintiff's providers will give

4

both the providers and Plaintiff the opportunity to raise appropriate objections, if any, to the production of Plaintiff's records.

Accordingly, Defendant's request that Plaintiff be ordered to execute the Authorizations and, alternatively, that Defendants be authorized to serve third-party subpoenas on Plaintiff's medical providers is **DENIED**.

### B. Documentation Regarding Lost Wages

The Motion also seeks to compel Plaintiff's production of records supporting her claim for lost wages.

However, in response to this request for production, Plaintiff stated she was "not in possession of any such documentation at this time," Doc. 71-4 at 9, and, during the April 8 hearing, Plaintiff reiterated this position. As the court cannot compel Plaintiff to produce documents she does not have, see e.g., Sykes v. Genesee County, No. 20-13361, 2021 WL 4864296, at *4 (E.D. Mich. Oct. 19, 2021) ("Of course, the Court cannot compel production of documents over which [defendant] does not have possession, custody, or control"), Defendants' Motion to Compel is likewise **DENIED** as to the production of wage documentation.

It is so ordered.

Signed: April 13, 2022

W. Carleton Metcalf
United States Magistrate Judge

5