IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 168 MR WCM

| | |
|---|---|
| APRIL LEDFORD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BRYSON CITY POLICE DEPARTMENT; ) | |
| CHRIS DUDLEY; ) | |
| TOWN OF BRYSON CITY; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants' Combined Motion and Memorandum to Amend the Scheduling Order and to Compel Production of Medical Records (the "Second Motion to Compel" Doc. 76), as well as an oral Motion to Compel by defense counsel, as described below.

## I. Relevant Background

On June 30, 2020, Plaintiff April Ledford ("Plaintiff"), who is appearing *pro se*, filed her complaint in this matter. Doc. 1.

Following extensive motions practice, on June 21, 2021, certain parties and claims were dismissed, leaving the Bryson City Police Department, the Town of Bryson City, and Chris Dudley as the remaining Defendants. Doc. 45.

1

Subsequently, Plaintiff advised that she wished to participate in this Court's Pro Se Settlement Assistance Program. However, the Clerk was unable to secure an attorney to represent Plaintiff in the Program and the case was withdrawn from the Program. Doc. 48.

October 14, 2021, a Pretrial Order and Case Management Plan ("Pretrial Order") was entered. Doc. 57. Among other things, the Pretrial Order set a deadline of July 8, 2022 for the completion of court-enforceable discovery and a deadline of August 9, 2022 for the filing of dispositive motions.

On March 18, 2022, Defendants filed a motion to compel (the "First Motion to Compel," Doc. 71), by which they sought, in relevant part, an Order a) compelling Plaintiff to execute certain "Patient Authorization(s) for Release of Protected Health Information" (the "Authorizations") for Defendants to use in obtaining Plaintiff's medical records or, b) alternatively, authorizing Defendants to issue subpoenas directly to Plaintiff's providers for the records.

The undersigned conducted a hearing on the First Motion to Compel on April 8, 2022, and a written Order denying the First Motion to Compel was entered on April 13, 2022. Doc. 73.

On August 1, 2022, Defendants filed the Second Motion to Compel. Doc. 76.

A hearing on the Second Motion to Compel was held on August 12, 2022. During the hearing, and in response to the Court's inquiries as to the precise

relief Defendants were seeking, defense counsel made an oral motion (discussed in greater detail below), in the alternative, for an Order directing Plaintiff to supplement her discovery responses.

At the conclusion of that proceeding, the undersigned took the matter under advisement. This Order now follows.

II. Discussion

A. Timeliness of the Motions

The materials before the Court indicate that, on November 15, 2021, Defendants served Dudley's First Set of Interrogatories, Request for Production of Documents, and Requests for Admission on Plaintiff. Document Request #9 directed Plaintiff to execute, date, and return certain Authorizations. Doc. 71-3; Doc. 76-1.

The following day, November 16, 2021, Defendants sent subpoenas to seven (7) of Plaintiff's healthcare providers. Doc. 76-3.

In November and December 2021, some of those providers responded to defense counsel and objected to producing copies of Plaintiff's records pursuant to the subpoenas.[1]

---

[1] The record includes objections from four (4) of the providers. Doc. 76-4. The Second Motion to Compel indicates that a fifth provider also objected, though that objection has not been submitted. See Doc. 76 at 5-6. The record does not indicate that any objections were received from the remaining two (2) providers.

3

On December 14, 2021, Plaintiff responded to Defendants' written discovery requests and objected to executing the Authorizations. Doc. 76-2.

On January 28, 2022, defense counsel sent a letter to Plaintiff attaching revised Authorizations for six (6) of the providers and asking Plaintiff to sign and return them by February 7, 2022. Doc. 71-5. These forms limited the period covered by the records to five years before the first incident alleged in Plaintiff's complaint.

On February 7, 2022, Plaintiff responded by email, saying generally that she did not object to producing relevant records but making other objections. Doc. 71-6.

On March 18, 2022, Defendants filed the First Motion to Compel. Doc. 71. That motion did not report that Defendants had served the subpoenas on Plaintiff's providers and neither copies of the subpoenas nor the providers' objections were attached to that filing. In addition, during the April 8 hearing, defense counsel did not disclose that subpoenas had been served but represented that Defendants were seeking the Court's advance permission to serve subpoenas, in order to avoid potential objections that the providers might raise to the production of Plaintiff's records.

In the April 13, 2022 ruling denying the First Motion to Compel, the Court stated:

> . . .assuming that courts may, in the appropriate circumstance, order a party to execute an authorization for the release of medical records, the undersigned is not persuaded that such authority should be exercised in this case. Defendants have not propounded a document request seeking the production of Plaintiff's medical records themselves, nor have they issued third-party subpoenas to Plaintiff's providers for those records. Further, though Plaintiff has indicated she objects to the production of all of her records, it does not appear that Plaintiff has been particularly uncooperative regarding discovery to date, and the deadline to complete court-enforceable discovery is not imminent.
>
> With respect to Defendants' alternative request for an Order authorizing Defendants to serve Plaintiff's medical providers with third-party subpoenas, during the hearing defense counsel explained that Defendants hope that such authorization would avoid potential objections that the providers may raise to the production of Plaintiff's records. However, defense counsel also conceded that Defendants are not required to obtain such pre-authorization, and the undersigned is not persuaded that it should be provided here. The issuance of third-party subpoenas, in the usual course, to Plaintiff's providers will give both the providers and Plaintiff the opportunity to raise appropriate objections, if any, to the production of Plaintiff's records.

Doc. 73 at 4-5.

On August 1, 2022, Defendants filed the Second Motion to Compel, which stated that Defendants were again seeking an Order compelling Plaintiff to "produce executed HIPAA releases" or, alternatively, "authorizing Defendants to obtain same by subpoena." Doc. 76 at 1.

5

During the hearing on the Second Motion to Compel, defense counsel modified Defendants' request (from that stated in the written motion) and explained that Defendants wished to obtain Plaintiff's medical records by means of: a) an Order compelling Plaintiff to execute a "general" Authorization (i.e., an authorization not directed to any particular provider) or b) an Order stating that Plaintiff's records are relevant and discoverable, and expressly authorizing Defendants to obtain the records from Plaintiff's providers (including providers that have not yet been identified but that could be identified as Plaintiff's records are reviewed).

Additionally, defense counsel advised that Defendants had sent a new set of discovery requests to Plaintiff on June 29, 2022 requesting that Plaintiff produce the records. As an alternative to the relief sought through the Second Motion to Compel (as modified during the hearing), defense counsel made an oral motion for an Order requiring Plaintiff to supplement her responses to the recent discovery requests and directing her to produce the records herself. Defendants, however, did not provide a copy of those requests or Plaintiff's responses.

The Second Motion to Compel was filed on August 1, 2022, which was approximately three weeks after the close of court-enforceable discovery. That Motion and the related oral motion represent the continuation of a dispute over the process by which Defendants may obtain Plaintiff's medical records that

6

has been ongoing since the end of 2021; Defendants knew in November and December that Plaintiff objected to providing the Authorizations and that Plaintiff's providers (or at least some of them) objected to producing Plaintiff's medical records in response to the subpoenas.

Defendants filed the First Motion to Compel on March 18, 2022, and a written Order denying that Motion was issued on April 13, 2022. Docs. 71, 73. However, Defendants waited an additional three months—and until after the discovery deadline had passed—to file the Second Motion to Compel and it does not appear that Defendants made further efforts to obtain the records between the entry of the April 13 Order and the end of June 2022 when Defendants issued their more recent written document requests to Plaintiff.[2]

In addition, document requests served on June 29, 2022 would have been tardy in light of the discovery deadline of July 8 set by the Pretrial Order. See Doc. 57 at 4 (requiring counsel to "to initiate discovery requests…sufficiently in advance of the discovery completion deadline so as to comply with this Order" and providing that requests seeking responses after the court-

---

[2] The Court also notes that, though its ruling on the First Motion to Compel was clearly based on the understanding that Defendants had not issued the subpoenas to Plaintiff's providers at the time of the hearing on that motion, the information provided in the Second Motion to Compel and during the August 12 hearing reveals that Defendants had issued subpoenas to Plaintiff's providers at the end of last year but did not advise that this information was incorrect until the Second Motion to Compel was filed.

7

enforceable discovery deadline "are not enforceable except by order of the Court for good cause shown").

Under these circumstances, the Second Motion to Compel, as well as Defendants' oral motion, will be denied as untimely. Wiener v. AXA Equitable Life Ins. Co., 481 F. Supp. 3d 551, 561 (W.D.N.C. 2020) ("[I]t is well established in this district that 'a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely'") (quoting Willis v. Cleveland Cty., No. 1:18-cv-292, 2020 WL 398508, at *3 (W.D.N.C. Jan. 23, 2020) (denying motion to compel filed after the discovery deadline as untimely), aff'd, 2020 WL 1061680 (W.D.N.C. Mar. 4, 2020)).

Defendants' request to extend the July 8 deadline to complete court-enforceable discovery will similarly be denied. The parties, however, remain free to engage in voluntary discovery consistent with the terms of the Pretrial Order.

### B. Substantive Issues with Defendants' Request

Beyond the timing issues discussed above, the Second Motion to Compel suffers from other infirmities.

The undersigned previously noted that Plaintiff has placed her physical and mental health at issue. See Doc 73 at 2-3. Further, the undersigned agrees with Defendants that Plaintiff alone cannot determine which of her records are

8

relevant and therefore must be produced; a defendant is entitled to discover relevant information, with the Court (not the plaintiff) resolving disputes as to relevance.

Here, though, it is not necessary for the Court to determine which of Plaintiff's medical records may be relevant to this litigation since Defendants have not demonstrated that the relief they seek is authorized. That is, the Court is not persuaded that Defendants are entitled to the entry of an Order either compelling Plaintiff to execute a "general" Authorization or stating that Plaintiff's records are relevant and discoverable, and expressly authorizing Defendants to obtain the records from Plaintiff's providers (including providers who have not yet been identified).[3]

A defendant wishing to obtain a plaintiff's relevant medical records has a number of alternatives. For example, the defendant may seek the records from the plaintiff herself via a document request pursuant to Rule 34.[4]

---

[3] During the August 12 hearing, Defendants mentioned a "qualified protective order." Such orders may be issued under the Health Insurance Portability and Accountability Act ("HIPAA"). See e.g., 45 CFR § 164.512(e) (setting out the standards for disclosure of protected health information for judicial and administrative proceedings). Here, though, Defendants have not moved for the entry of a protective order pursuant to HIPAA and otherwise have not explained how such an Order would be appropriate when Defendants have not also asked that Plaintiff's providers be compelled to produce Plaintiff's records in response to the subpoenas.

[4] The undersigned has not been provided with Defendants' June 29 written discovery requests but presumes they fall into this category (though they were not made sufficiently in advance of the close of discovery).

Alternatively, the defendant may use the subpoena process to seek the medical records directly from the plaintiff's healthcare providers.[5]

Additionally, parties may obtain medical records cooperatively, typically with the plaintiff authorizing her providers to release her records directly to defense counsel.[6]

However, Defendants have not produced any authorities indicating that the Federal Rules of Civil Procedure permit Defendants to obtain Plaintiff's records using the mechanisms described by Defendants during the hearing on the Second Motion to Compel.

---

[5] Defendants in this case also attempted to use this option and issued subpoenas to some of Plaintiff's healthcare providers. However, when the providers objected (or failed to respond), Defendants did not seek an Order compelling the providers to respond. Further, it does not appear that the providers were given notice of the Second Motion to Compel, and no attorney or other representatives of the providers appeared at the hearing.

[6] Both sides may find this process to be helpful; the plaintiff does not have to expend the effort to obtain the records herself and produce them to the defendant, while the defendant may prefer to obtain the files directly from the providers. As the Court has previously noted, though, courts have reached different conclusions as to whether a party may be compelled to execute medical authorizations. Doc. 73 at 3.

Accordingly, Defendants' Combined Motion and Memorandum to Amend the Scheduling Order and to Compel Production of Medical Records (Doc. 76) and Defendants' oral Motion to Compel are denied.

It is so ordered.

Signed: September 12, 2022

W. Carleton Metcalf
United States Magistrate Judge