IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 168 MR WCM

| | |
|---|---|
| APRIL LEDFORD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BRYSON CITY POLICE DEPARTMENT; ) | |
| CHRIS DUDLEY; ) | |
| TOWN OF BRYSON CITY; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants' Combined Motion to Compel Compliance with Subpoena and Memorandum in Support (Doc. 80), Defendants' Combined Motion to Compel Compliance with Subpoena and Memorandum in Support (Doc. 81) (collectively the "Third Motions to Compel"), and a Motion to Seal (Doc. 87) filed by the Department of Veterans Affairs.

I.   Relevant Background

A more complete recitation of background information regarding Defendants' previous attempts to obtain certain of Plaintiff's medical records appears in the Court's Orders concerning earlier motions to compel and is not repeated here. See Docs. 73 and 79.

1

The Third Motions to Compel were filed on October 25, 2022.[1] Neither of the medical providers whose records are the subject of the Third Motions to Compel filed a written response. Plaintiff likewise did not submit a written response.

However, a hearing on the Third Motions to Compel was conducted on November 9, 2022. Plaintiff appeared and opposed the Third Motions to Compel. In addition, Assistant United States Attorney Gill Beck appeared on behalf of the Veterans Affairs Medical Center (the "VAMC"), and attorney Adam Peoples appeared on behalf of Defendants.

## II. Discussion

The Third Motions to Compel represent Defendants' latest attempt to obtain certain of Plaintiff's medical records. The Third Motions to Compel pertain specifically to records Defendants seek from the VAMC and Swain Family Care.

On November 16, 2021, Defendants served subpoenas on the VAMC and Swain Family Care for Plaintiff's records from July 1, 2012 to the present. Doc. 76-3 at 8–14 and 43–49. The VAMC objected to the subpoena it received (Doc. 76-4 at 10–23); Swain Family Care did not respond.

---

[1] Two other motions to compel were filed by Defendants at the same time, but were subsequently withdrawn, Docs. 82, 83, 84, 85.

2

On March 18, 2022, Defendants filed a motion to compel (the "First Motion to Compel"), which asked that Plaintiff be ordered to execute medical authorizations or, alternatively, that Defendants be authorized to serve third-party subpoenas on Plaintiff's medical providers. The First Motion to Compel was denied orally following a hearing, and an April 13, 2022 Order memorialized that ruling. Doc. 73.[2]

On July 8, 2022, the period allowed for court-enforceable discovery concluded.

On August 1, 2022, Defendants filed another motion to compel (the "Second Motion to Compel"). Doc. 76. Following a hearing and by Order filed on September 12, 2022, the Court denied Defendants' Second Motion to Compel, finding that it was untimely and that the relief Defendants sought was not authorized by the Federal Rules of Civil Procedure. Doc. 79.

Approximately two weeks later, on September 23, 2022, Defendants issued new subpoenas to the VAMC and Swain Family Care for the same medical records that the prior subpoenas had sought.[3]

---

[2] As described in previous Orders, during the hearing on the First Motion to Compel, Defendants indicated, incorrectly, that they had not served third party subpoenas at the time.

[3] During the November 9 hearing, Defendants acknowledged that they likely did not comply with Local Civil Rule 45.2, which requires that a notice of the issuance of a document subpoena to a non-party and a copy of the subpoena be served on all other parties at least three calendar days before the date on which the subpoena is served on the non-party.

Once again, the VAMC objected, and Swain Family Care did not respond.

During the November 9 hearing, Plaintiff argued that the Third Motions to Compel should be denied as untimely.

The VAMC did not oppose the Third Motions to Compel on timeliness grounds, but did object based on statutory privacy provisions that appear in 5 U.S.C. §552a and 38 U.S.C. §7332. More particularly, the VAMC advised that it is able to produce records that are subject to Section 552, if an appropriate court order is entered. Further, the VAMC stated that it did not yet know whether any of its records were also subject to the heightened protection provided by Section 7332 but, if it did have such records, they could also be produced pursuant to an appropriate court order, though such an order would require the balancing of certain interests described in the statute.[4]

Under these circumstances, the Third Motions to Compel will be denied as untimely. See Doc. 57 at 8 ("Motions to compel must be filed within the discovery period or they may be deemed waived"); Wiener v. AXA Equitable Life Ins. Co., 481 F. Supp. 3d 551, 561 (W.D.N.C. 2020) ("[I]t is well established in this district that 'a party must generally move to compel a party to comply

---

[4] At the conclusion of the November 9 hearing, the Court set a deadline for the VAMC to make additional filings regarding Plaintiff's records. The VAMC has now filed the Motion to Seal, along with a supporting memorandum that has been submitted *ex parte* and under seal. The VAMC represents that it has also provided a copy of the supporting memorandum to Plaintiff.

4

with a discovery request prior to the close of discovery or the motion is untimely'") (quoting Willis v. Cleveland Cty., No. 1:18-cv-292, 2020 WL 398508, at *3 (W.D.N.C. Jan. 23, 2020) (denying motion to compel filed after the discovery deadline as untimely), aff'd, 2020 WL 1061680 (W.D.N.C. Mar. 4, 2020)).

Even though untimeliness was one of the bases for the Court's denial of the Second Motion to Compel, the Third Motions to Compel did not address this issue and no further material information has been provided that suggests a different conclusion should now be reached.

The same request could have been made by Defendants as early as December 2021. That is, when the VAMC and Swain Family Care objected or failed to respond to Defendants' first document subpoenas (which were served in mid-November 2021), Defendants could have sought to compel those providers to produce the records. Such a request would have been well within the period of court-enforceable discovery. However, Defendants did not make such a request and instead chose to pursue a litigation strategy that, until now, has not included moving for an order requiring Plaintiff's medical providers to produce her records.[5]

---

[5] During hearings on the Second Motion to Compel and the Third Motions to Compel, defense counsel stated that obtaining the records directly from the providers (rather than from Plaintiff herself) was intended to ensure that the records were complete. Defense counsel also noted that because he and his firm represent medical providers,

To avoid the timeliness problem, Defendants argue that the Third Motions to Compel should be viewed as being unopposed, since Plaintiff did not submit a written response in opposition to the Motions within 14 days of their filing. However, Plaintiff, like counsel for the VAMC, was heard orally on November 9 regarding the Third Motions to Compel, and it would be patently unfair under the circumstances presented to find that Plaintiff, an unrepresented party, had waived her right to object to the Third Motions to Compel.

Finally, the fact that production of the VAMC records—and particularly those, if any, that may be subject to Section 7332 protection—would require additional consideration and rulings by the Court in advance of trial, which is set for January 9, 2023, further supports the denial of the Third Motions to Compel.

---

he generally preferred to seek medical records in a manner that did not involve a direct order being issued to the relevant providers, though counsel also stated during the November 9 hearing that he and his firm do not represent the specific medical providers from whom Defendants have sought records in this case. The undersigned is compelled to note that this description has given the Court some pause, specifically as to whether Defendants' position is fully compliant with the applicable rules regarding concurrent conflicts. However, without additional details, the Court is not in a position to express, and does not express, any opinion on that topic.

**IT IS THEREFORE ORDERED THAT:**

1) Defendants' Combined Motion to Compel Compliance with Subpoena and Memorandum in Support (Doc 80) and Defendants' Combined Motion to Compel Compliance with Subpoena and Memorandum in Support (Doc 81) are **DENIED**.

2) The Motion to Seal (Doc. 87) filed by the Department of Veterans Affairs is **GRANTED** and the supporting memorandum (Doc. 88), which has been filed *ex parte* and under seal shall remain sealed and accessible on the docket only to the VAMC and the Court pending further order of the Court.

Signed: November 23, 2022

W. Carleton Metcalf
United States Magistrate Judge